# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:14-CR-14-HAB |
| ) | |
| DWAINE BARTLETT ) | |

## OPINION AND ORDER

Now before the Court is Defendant's second motion for compassionate release (ECF No. 633) and motion to appoint counsel (ECF No. 634). Both motions are now fully briefed. (ECF Nos. 638, 640, 642).

**I.  Defendant's Crime of Conviction**

Defendant was one of several individuals caught up in a so-called "reverse sting" operation. Defendant was recruited to be part of a robbery crew put together by Floyd Thomas. Thomas, in turn, had been recruited by undercover federal agents to rob a fake stash house that was to contain at least 20 kg of powder cocaine.

Defendant attended the final planning meeting for the robbery in February 2014, a meeting attended by undercover agents. Defendant was involved in planning the robbery, telling the undercover agents that the crew would sweep the stash house to make sure no one was hiding, and further advising that the crew would place a member in each room of the house. Defendant also told the agents that the crew had police clothing to help them surprise any armed guards. When the crew geared up for the job, Defendant grabbed a .45 caliber Taurus pistol as well as zip ties.

Defendant pleaded guilty to conspiracy to distribute 5 kg or more of cocaine and to possessing a firearm in furtherance of a drug trafficking crime. As part of the plea Defendant agreed to a binding term of 200 months: 140 months on Count 1 and a consecutive 60 months on

Count 2. Defendant is incarcerated at the Pekin Federal Correction Institution, with an expected release date in June 2028.

## II.     Legal Discussion

### A.     *Appointment of Counsel*

Defendant is not entitled to counsel under the Criminal Justice Act for motions brought under 18 U.S.C. § 3582(c)(1)(A). *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). But a court may appoint counsel to represent defendants in compassionate release proceedings. *See Blake*, 986 F.3d at 758 ("District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel.") (emphasis in original) (internal citations omitted); *Guerrero*, 946 F.3d at 985 ("[D]istrict courts are not *required* to appoint counsel under these circumstances, but it does not *prohibit* them from doing so") (emphasis in original); *see also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so.").

The Court sees no reason to appoint counsel here. Any private attorney appointed by the Court would be forced to work for free. *Foster*, 706 F.3d at 888 ("The Criminal Justice Act does not supply the necessary permission to pay a lawyer from the public fisc."). As discussed below, the Court finds no merit in Defendant's motion for compassionate release. The Court finds no reason to confiscate the time of private counsel to obtain an unreachable goal. Defendant's motion to appoint counsel (ECF No. 634) is DENIED.

**B.** *Compassionate Release*

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies for at least some claims presented in his motion. (ECF No. 640 at 5–6). But the exhaustion only applies to those issues raised to the warden. *United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021) (requiring exhaustion as to each issue raised). As the Government notes, Defendant failed to raise his issues with the reverse sting or his selected enforcement claim. He also failed to mention the alleged harsh conditions at his facility.[1] The Court finds, then, that these issues have been waived for this motion.

---

[1] The Court has nonetheless reviewed Defendant's arguments on these points and concludes that they are not extraordinary or compelling reasons for release.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[2]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

---

[2] Yet as *Gunn* made clear, the Guidelines' requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

Defendant makes several arguments in support of his request for compassionate release. The Court will address each in turn.

**1.** *Care for Defendant's Mother*

Defendant claims that he should be released to care for his elderly mother. While the Court is sympathetic to the concerns of Defendant about the health of his aging mother, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement and do not encompass providing care to elderly parents.[3]" *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner when no other caregiver is available). Thus, "[c]ourts have not considered a parent's or grandmother's health as an 'extraordinary and compelling' reason under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Stewart*, No. 1:16-CR-89-HAB, 2020 WL 5406181, at *3 (N.D. Ind. Sept. 9, 2020); *see also United States v. Bonel*, No. 4:14-CR-180 (4), 2020 WL 3470319, at *3 (E.D. Tex. June 25, 2020) (defendant's contention that she "is needed at home to help her grandmother," while commendable, does not meet the requirements for family circumstances that establish extraordinary and compelling reasons for release from imprisonment); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying compassionate release motion and stating that "a

---

[3] Defendant makes much of proposed changes to the sentencing guidelines. (ECF No. 638 at 4–7). The operative word in that sentence is "proposed." Until and unless those changes become effective, the Court concludes that it is inappropriate to consider them.

desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents").

Defendant acknowledges that care for his mother is not an extraordinary or compelling reason under the statute, but offers seven non-binding, district court decisions that considered care for an elderly family member as part of the compassionate release calculus. (ECF No. 633 at 20–21). This Court is not so eager as those cited by Defendant to graft its own language onto § 3582. But even if it were, Defendant's evidence falls well-short of establishing extraordinary or compelling circumstances. The only information the Court has on Defendant's mother is a single record from a sleep clinic, dated almost a year ago. The reason for his mother's visit, it seems, was mouth dryness while using her CPAP machine. True, there is an extensive list of "ongoing health issues," but given the nature of the medical practice, there is every reason to believe that this list is self-reported. Defendant, then, has failed to provide evidence of incapacity or near-incapacity as was present in nearly all the cases Defendant cites. And this is before noting all the family members that have provided letters in support of Defendant, including his brother, daughter, and fiancé, each of whom could, presumably, provide care for Defendant's mother. Defendant has failed to demonstrate that his mother's health, and his desire to assist her, constitutes an extraordinary or compelling circumstance supporting compassionate release.

2.  *COVID-19*

Courts in this Circuit were once forced to go through an extended analysis when COVID-19 was raised as the extraordinary and compelling reason. That analysis is no longer necessary. Almost two years ago, the Seventh Circuit all but eliminated COVID-19 as a basis for

compassionate release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*. Defendant calls *Broadfield* "ineffective" and "outdated," but another word for it is "law."

Vaccination is available to Defendant: as of today, 1318 inmates at FCI Pekin have been fully vaccinated.[4] Indeed, Defendant has been vaccinated. (ECF No. 633 at 21). Defendant has submitted nothing to show that he is medically unable to benefit from the vaccine. COVID-19, then, cannot provide Defendant with the relief he seeks. This is true whether Defendant characterizes the argument as simply COVID-19, the BOP's pandemic plan, the BOP's inadequate medical care, or reference to various public statements or executive orders.

**3.** *Changes in the Law*

Finally, Defendant argues that certain changes in the law, particularly the Government's discontinuation of reverse sting operations, constitute extraordinary and compelling circumstances. The first issue that must be addressed is whether Defendant's argument conflicts with *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and its progeny. In *Thacker*, the issue before the court of appeals was whether sentencing disparity created by a non-retroactive section of the First Step Act, Section 403[5], could serve as extraordinary and compelling circumstances supporting compassionate release. Ross Thacker ("Thacker") was sentenced in 2002 to a

---

[4] https://www.bop.gov/coronavirus/index.jsp
[5] Section 403 contains the same non-retroactivity language as Section 401(c).

mandatory minimum 32-year sentence for two convictions under 18 U.S.C. § 924(c), 7 years for the first conviction and 25 years for the second. Following the enactment of the First Step Act, the mandatory minimum sentence for each conviction was reduced to 7 years. Thacker argued that the resulting 18-year disparity, along with his health conditions, satisfied the extraordinary and compelling requirement. *Id*. at 571–72.

The Seventh Circuit rejected the defendant's argument. Comparing Sections 403 and 404, the court of appeals determined that Congress made a "deliberate" choice to apply relief under Section 403 prospectively. *Id*. at 573. The court of appeals recognized that § 3852(c)(1)(A) affords district courts with discretion to shorten terms of imprisonment but made clear that this discretion "only goes so far." *Id*. at 574. The limit of that discretion, according to the court of appeals, was using the compassionate release statute to "upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c)." *Id*.

Predicting the precise issue before the Court, the Seventh Circuit later observed:

> We harbor broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress. We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

*Id*.

The court of appeals did not prohibit district courts from ever considering changes in sentencing as part of the compassionate release analysis. Rather, the court expressly endorsed consideration of Section 403 when weighing the § 3553(a) factors, but only after the district court first finds extraordinary and compelling circumstances. *Id*. at 575–76 (citing *United States v.*

*Black*, 999 F.3d 1071 (7th Cir. 2021)). Still, the court of appeals made it clear that the required extraordinary and compelling reason supporting compassionate release "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." *Thacker*, 4 F.4th at 576.

The Seventh Circuit expanded *Thacker* in *United States v. Brock*, 39 F.4th 462 (7th Cir. 2022). There, the defendant sought compassionate release because, under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), he no longer qualified for a sentencing enhancement under 21 U.S.C. § 851 because his Illinois cocaine-related conviction was no longer a proper predicate. This change in the law, he claimed, was an extraordinary and compelling reason for release. The district court, relying on *Thacker*, denied the motion and the case was appealed.

The Seventh Circuit affirmed. Speaking to the very issue that Defendant raises, the court of appeals held, "[j]udicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *Brock*, 39 F.4th at 466. As the Court reads it, *Thacker* and its progeny prohibit district courts from considering any change in the law, statutory or judge-made, as an extraordinary and compelling reason for release. Defendant's argument cannot prevail.[6]

### III. Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 633) and his motion for appointment of counsel (ECF No. 634) are DENIED.

---

[6] Because the Court does not find extraordinary and compelling reasons supporting release, it need not address the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 (consideration of the § 3553(a) factors is required only "upon a finding that the prisoner has supplied such a [extraordinary and compelling] reason").

9

SO ORDERED on April 17, 2023.

                                                 s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT